UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LACEY SIVAK,

Petitioner,

v.

ZAHIDA PEREA,

Respondent.

Case Nos. 24-cv-01579-AMO (PR)
24-cv-01580-AMO (PR)
24-cv-01581-AMO (PR)
24-cv-01582-AMO (PR)
24-cv-01627-AMO (PR)
24-cv-01628-AMO (PR)
24-cv-01629-AMO (PR)
24-cv-01630-AMO (PR)
24-cv-01631-AMO (PR)
24-cv-01643-AMO (PR)
24-cv-01644-AMO (PR)
24-cv-01646-AMO (PR)
24-cv-01647-AMO (PR)
24-cv-01650-AMO (PR)
24-cv-01668-AMO (PR)
24-cv-01752-AMO (PR)
24-cv-01753-AMO (PR)
24-cv-01755-AMO (PR)
24-cv-01756-AMO (PR)
24-cv-01757-AMO (PR)
24-cv-01891-AMO (PR)
24-cv-01941-AMO (PR)
24-cv-01942-AMO (PR)
24-cv-01945-AMO (PR)
24-cv-01946-AMO (PR)
24-cv-01947-AMO (PR)
24-cv-01948-AMO (PR)
24-cv-01949-AMO (PR)
24-cv-01950-AMO (PR)
24-cv-02122-AMO (PR)
24-cv-02123-AMO (PR)
24-cv-02124-AMO (PR)
24-cv-02125-AMO (PR)
24-cv-02126-AMO (PR)
24-cv-02127-AMO (PR)
24-cv-02128-AMO (PR)
24-cv-02129-AMO (PR)

United States District Court
Northern District of California

|   |   |
|---|---|
|   | 24-cv-02130-AMO (PR) |
|   | 24-cv-02131-AMO (PR) |
|   | 24-cv-02132-AMO (PR) |
|   | 24-cv-02133-AMO (PR) |
|   | 24-cv-02245-AMO (PR) |
|   | 24-cv-02246-AMO (PR) |
|   | 24-cv-02247-AMO (PR) |
|   | 24-cv-02248-AMO (PR) |
|   | 24-cv-02309-AMO (PR) |
|   | 24-cv-02335-AMO (PR) |
|   | 24-cv-02336-AMO (PR) |
|   | 24-cv-02337-AMO (PR) |
|   | 24-cv-02338-AMO (PR) |
|   | 24-cv-02339-AMO (PR) |
|   | 24-cv-02340-AMO (PR) |
|   | 24-cv-02341-AMO (PR) |
|   | 24-cv-02342-AMO (PR) |
|   | 24-cv-02345-AMO (PR) |
|   | 24-cv-02346-AMO (PR) |
|   | 24-cv-02348-AMO (PR) |
|   | 24-cv-02349-AMO (PR) |
|   | 24-cv-02622-AMO (PR) |
|   | 24-cv-02625-AMO (PR) |
|   | 24-cv-02626-AMO (PR) |
|   | 24-cv-02709-AMO (PR) |
|   | 24-cv-02710-AMO (PR) |
|   | 24-cv-02711-AMO (PR) |
|   | 24-cv-02936-AMO (PR) |
|   | 24-cv-02991-AMO (PR) |
|   | 24-cv-03015-AMO (PR) |
|   | 24-cv-03018-AMO (PR) |
|   | 24-cv-03019-AMO (PR) |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Lacey Sivak, an Idaho state prisoner and frequent litigant, filed the above-captioned actions, representing himself. In each case, the Court denied Sivak's motion for leave to proceed

United States District Court
Northern District of California

*in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(g)[1] because he has had three or more prior dismissals, has failed to allege any specific imminent danger of serious physical injury at the time he filed the action, and did not meet the standard for proceeding without payment of filing fees as a "three-striker" who has had many prior lawsuits dismissed as frivolous. *See Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022) (A district court may, at the screening stage, deny a prisoner IFP status *sua sponte* upon "clearly identif[ying] three prior dismissals" in order to "place[] [the prisoner] on notice of the three cases that constituted strikes."). In each case, the Court directed Sivak to pay the full filing fee within fourteen-days or risk dismissal without prejudice.

Instead of paying the filing fee in these cases, Sivak appealed some of them to the Ninth Circuit. As a general rule, the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the issues raised in the appeal and vests jurisdiction in the Court of Appeals. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, a notice of appeal for an interlocutory order is not deemed filed until the issuance of an order by a court of appeals permitting an appellant to bring an interlocutory appeal. *Id.* at 886 (citing Fed. R. App. P. 5(d)(2)). Therefore, this Court retains jurisdiction over these actions until the Ninth Circuit grants Sivak permission to appeal, which it has not yet done. *See id.*[2]

The deadline for Sivak to pay the filing fee in any of the above-captioned cases has passed. Accordingly, each above-captioned action is hereby **DISMISSED** without prejudice. Upon paying the full filing fee, Sivak may file a motion to reopen any of the above-captioned cases. To be clear, a full filing fee will be required for each case Sivak wishes to reopen and pursue.

---

[1] On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was enacted and became effective. The PLRA provides that a prisoner may not bring a civil action or appeal a civil judgment IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] Moreover, the Ninth Circuit has issued identical orders dismissing many of Sivak's interlocutory appeals as "so insubstantial as to not warrant further review," and stating that its orders would constitute the mandates. *See, e.g.*, Dkt. 21 at 1 in Case No. 23-cv-05992-AMO (PR), Dkt. 24 at 1 in Case No. 23-cv-05993-AMO (PR), Dkt. 24 at 1 in Case No. 23-cv-05994-AMO (PR), Dkt. 21 at 1 in Case No. 23-cv-05995-AMO (PR).

Lastly, any pending motion for leave to proceed IFP on appeal[3] is **DENIED** pursuant to 28 U.S.C. § 1915(g) for the same reasons he was denied such status by this Court. If Sivak moves in the Ninth Circuit to proceed IFP, the Ninth Circuit will conduct an independent review of the record to determine whether the appeal is frivolous. The Ninth Circuit will decide whether to grant the prisoner IFP status. If IFP status is denied by the Ninth Circuit, the prisoner will nonetheless be directed to pay the entire filing fee and to show cause why the appeal should not be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2).

The Clerk of the Court **SHALL** terminate as moot all other pending motions in each case and **CLOSE** all of the above-captioned cases.

**IT IS SO ORDERED.**

Dated: July 11, 2024

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

[3] A prisoner must seek leave to proceed IFP on appeal in the district court. *See* Fed. R. App. P. 24(a).